IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHNNY R. WOODRUFF,                )
                                   )
                Plaintiff,         )            8:07cv182
                                   )
        vs.                        )       ORDER on INITIAL REVIEW
                                   )
CHARLES WEST, et al.,              )
                                   )
                Defendants.        )


This matter is before the court for initial review[1] of the complaint filed by the plaintiff, Johnny R. Woodruff, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS").  The plaintiff, proceeding pro se, asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that the defendants improperly removed him from a Substance Abuse Unit upon the false accusations of another inmate.  The plaintiff has witnesses that the accusing witness lied. However, in violation of the plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution, the defendants persist in treating the matter as a simple classification issue instead of the deprivation of due process and cruel and unusual punishment which the plaintiff believes he has sustained.

**Initial Review**

The court finds that the plaintiff has stated a colorable cause of action sufficient to proceed to the next stage of this litigation.   However, the Prison Litigation Reform Act ("PLRA") requires the plaintiff to make a filing fee deposit ("initial partial filing fee") before service of process can proceed, unless the plaintiff is completely without funds to do so.

The plaintiff has sued five state employees in their individual and official capacities, and the inmate who falsely accused the plaintiff.   Therefore, when it is time to serve the defendants with process, the plaintiff will require one (1) summons form to serve the state employees collectively, in their official capacity, at the office of the State Attorney General, in compliance with Neb. Rev. Stat. § 25-510.02(2), which states in pertinent part:  "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official

---

[1]The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, restricts remedies, and dictates procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A (initial review, or "screening," of prisoner complaints).

capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General." The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509. The plaintiff also will need six (6) more summons forms to serve each of the six defendants in their individual capacity at an address wherever each defendant can personally be found and will accept service of process himself, herself or through a person authorized to receive a summons on his or her behalf.

However, because the court has not yet received a certified copy of the plaintiff's trust account information, the court cannot yet grant the plaintiff's pending motion for leave to proceed in forma pauperis ("IFP"), and a prisoner payment order cannot yet issue. Also, service of process does not occur until after a prisoner plaintiff has paid the initial partial filing fee ordered in the prisoner payment order.

Therefore, after the court issues a prisoner payment order, and upon payment of the initial partial filing fee thereafter, the court will enter a Memorandum and Order directing the Clerk of Court to send the plaintiff a total of SEVEN summons forms and SEVEN USM-285 forms to be completed and returned to the court for service of process. In that Memorandum and Order, the court will instruct the U.S. Marshal to serve the defendants on behalf of the plaintiff, assuming that the court has granted the plaintiff leave to proceed IFP in the prisoner payment order.

### Motion for Injunctive Relief

The plaintiff has filed a Motion for Injunctive Relief and/or for Summary Judgment. However, the motion is premature, as no defendant has been served with process or entered an appearance in the case. The plaintiff's motion is denied for now and may be reasserted upon the entry of appearance of the defendants in the case.

### PLRA

Other aspects of the PLRA apply to the plaintiff. For example, the PLRA states, in 42 U.S.C. § 1997e(a), that:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that usually, if grievance procedures were available to a plaintiff, and the plaintiff did not complete the available grievance procedures before filing a lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress.  See 42 U.S.C. § 1997e(e): "Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal damages.

THEREFORE, IT IS ORDERED:

1.     That, upon initial review, the court provisionally finds that this case may proceed to the next stage of this litigation;

2.     That upon receipt of a certified copy of the plaintiff's trust account information (which the Clerk of Court has already requested from the plaintiff's institution in filing no. 4), the court will issue a prisoner payment order, and filing no. 2, the plaintiff's Application to Proceed IFP, is taken under advisement until then;

3.     That, if the plaintiff qualifies to proceed IFP and a prisoner payment order is entered, the Clerk of Court shall bring this case to my attention when the plaintiff has paid his initial partial filing fee;

4.     That a Memorandum and Order regarding service of process will issue by separate order of the court after the plaintiff's IFP status has been resolved, and, if IFP status is granted, after the plaintiff has paid his initial partial filing fee;

5.     That filing no. 5, the plaintiff's Motion for Injunctive Relief and/or for Summary Judgment, is denied at this time as premature, without prejudice to reassertion as soon as the defendants have entered their appearances in the case; and

6.     That the plaintiff shall keep the court informed of his current address at all times while this case is pending; failure to do so may result in dismissal.

DATED  this 16th day of May, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

3